**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

| | |
|---|---|
| **DAN PETERSON** | **PLAINTIFF** |
| **V.** | **CASE NO. 1:10CV16** |
| **STARKVILLE SCHOOL DISTRICT** | **DEFENDANT** |

**MEMORANDUM OPINION**

This cause comes before the court on the motion **[22]** of Defendant Starkville School District, seeking summary judgment.

Dan Peterson, an African-American male, has been employed by Starkville School District in its transportation department for more than twenty-five years. Peterson began his current position as shop foreman approximately six years ago.

In October of 2008 the district's transportation director informed Peterson that he was considering retiring in December 2008. The school district advertised the position in the local newspaper, and appointed an interim director to serve until the completion of the school semester. The district explored privatizing the transportation service during this time. Harold Carlisle, the district's director of maintenance, served as the interim director of transportation during the spring semester of 2009. The former transportation director had recommended Peterson as the interim, however, the district informed Peterson that no potential applicant could serve, as he could receive an unfair advantage over other candidates.

Peterson filed a charge of discrimination with the Equal Employment Opportunity

Commission after he was not appointed interim director. Peterson still expressed interest in the directorship and claims that he submitted a formal application on the last day of school in May 2009. Three other applications were received by the district, all submitted by African-Americans.

In June 2009 Peterson learned that the district appointed Carlisle as the permanent director of both the transportation and maintenance departments. The two positions were combined as a cost-saving measure. No candidate who submitted an application through the advertisement was interviewed by the district, including Peterson.

Peterson initiated the instant action alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964. Defendant Starkville School District subsequently moved for summary judgment.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that a jury would not be required to believe. *Reeves*, 530 U.S. at 151, 120 S. Ct. at 2110.

Claims of racial discrimination are governed by the evidentiary standard adopted in *McDonnell Douglas Corp. v. Green*. 411 U.S. 792 (1973). Under *McDonnell Douglas*, a plaintiff has the initial burden of making a *prima facie* case. *Id*. at 802. Once the plaintiff has established a *prima facie* case the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for the employment decision. *Id*. at 802-03. If the defendant is able to articulate a legitimate reason for its action the ultimate burden rests on the plaintiff to prove the employment decision was the result of a discriminatory practice. *Id*. at 804.

A plaintiff may make a *prima facie* case for direct discrimination by showing that: (1) he is a member of a protected class; (2) he sought and was qualified for the position in question; (3) he was denied or discharged from that position or suffered some adverse employment action; and, (4) a person outside his protected class and with similar qualifications was treated more favorably. *Id*. at 802.

Peterson "need only make a very minimal showing" to establish a *prima facie* case. *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996) (quoting *Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 639 (5th Cir. 1985) (overruled on other grounds)).

The parties do not dispute that Peterson is a member of a protected class. Further, the district concedes that Peterson was technically qualified for the position, and that he was not offered the position.[1] The district specifically stated in its motion that it does not concede that

---

[1] The school district does argue that Peterson never sought the position since the superintendent stated that she did not receive Peterson's application. Peterson has submitted affidavits of persons who assisted with the drafting of his application and stated under oath that he gave the application to a person in the district office. This court must draw all reasonable inferences in favor of the non-moving party, and will assume for the purposes of this motion that Peterson did apply for the position of Transportation Director.

3

Peterson was treated differently from any similarly-situated employees outside his protected class, yet also Peterson has arguably established a *prima facie* case.

All elements must be met for Peterson to make his initial showing of discrimination. Carlisle, a white male, was given the job of transportation director after the position merged with his current one. However, Carlisle was not similarly-situated to Peterson. Rather, Carlisle already held a position as a director, while Peterson served as a shop foreman. Further, Carlisle was not an applicant for the transportation director position, unlike Peterson. Peterson has presented no evidence that a white applicant was interviewed or was treated in any way more favorably than him.

Thus, Peterson has not established a *prima facie* claim for racial discrimination and the same fails as a matter of law.

Assuming, *arguendo*, that Peterson can establish a *prima facie* case, the burden would then shift to Defendant to articulate a legitimate non-discriminatory reason for the employment decision. *McDonnell*, 411 U.S. at 803-03. Mere production of the reason is sufficient to meet Defendant's burden. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000)). Defendant maintains that the district combined the positions of Director of Transportation and Director of Maintenance as a cost-saving measure.

The ultimate burden would rest on Peterson to prove the employment decision was the result of a discriminatory practice. *McDonnell*, 411 U.S. at 804. Under Title VII, Peterson must prove that (1) the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative), or (2) the defendant's reason, though true, is only one of the reasons for its

conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motives alternative). *Davis v. Farmers Ins. Exchange*, 372 Fed. App'x 517, 519 (5th Cir. 2010) (citing *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). "If the plaintiff can show the employer's asserted justification is false, this showing, coupled with a prima facie case, may permit the trier of fact to conclude that the employer discriminated against the plaintiff without additional evidence." *Price v. Federal Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (citing *Reeves*, 530 U.S. at 148). "However, such a showing will not always be enough to prevent summary judgment, because there will be cases where a plaintiff has both established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, yet 'no rational factfinder could conclude that the action was discriminatory.'" *Id*. (quoting *Reeves*, 530 U.S. at 148).

Peterson claims that the district made false representations to the EEOC and argues that this evidence establishes pretext.

The district stated to the EEOC that Carlisle was appointed as Transportation Director "pursuant to an application process." However, Carlisle stated that he never applied for the position. The district appointed Carlisle as the interim transportation director and later decided to combine the transportation position with the maintenance position that Carlisle already permanently held. The district also informed the EEOC that Peterson never applied for the position, and thus was not eligible. The district does not dispute that it made these statements or their falsity. Therefore, the court will conduct its analysis under the assumption that the district did in fact make misrepresentations related to defending Peterson's charge of discrimination.

The only evidence remotely related to race is the fact that every applicant for the position

5

of Transportation Director was an African-American male. The district did not interview any of these applicants, but instead merged the vacancy with the position of Maintenance Director. The current Maintenance Director and interim Transportation Director, a white male, was appointed to serve in this combined capacity without applying.

There is no evidence that race was even a motivating factor in making this decision, much less the real reason. The district responds to the pretexual allegations that it merged the positions in order to save costs. Combining the positions legitimately did save the district in salary expense. This was consistently the district's ultimate goal, as it also explored outsourcing the position to a private company in order to lower expenses. Ultimately, Carlisle serving in both positions was a cheaper alternative than an outside company providing the services of the transportation department.

Peterson's arguments fall short of creating an issue of fact concerning the legitimacy of the district's non-discriminatory reason. Even if the district misrepresented facts to the EEOC, there is no evidence that the decisions to combine the two positions and not interview any of the applicants were made for anything other than for cost-saving. The court is satisfied that cost-saving was the legitimate reason for the decision to merge the directorships and to not hire Peterson or any other applicant. There is also no evidence that the misstatements were racially motivated, and therefore do not adequately rebut the district's non-discriminatory explanation. Further, Peterson has not produced evidence that his supervisory and administrative experience was comparable to the Carlise's. A rational factfinder could not conclude that the district intentionally discriminated against Peterson.

Based on the foregoing, Defendant's motion **[22]** is **GRANTED**.

This the 11th day of July, 2011.

                                         **/s/ MICHAEL P. MILLS**
                                         **CHIEF JUDGE**
                                         **UNITED STATES DISTRICT COURT**
                                         **NORTHERN DISTRICT OF MISSISSIPPI**